UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE HERNANDEZ,

                Petitioner,

-against-

JOHN RICH, Superintendent of Elmira Correctional Facility,

                Respondent.

1:21-CV-3920 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated in the Elmira Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his 2005 Orange County conviction.[1] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      Petitioner seeks to challenge the legality of his 2005 Orange County conviction. The Court's records show that Petitioner filed a previous Section 2254 petition challenging the same conviction, which was denied on the merits. *See Hernandez v. Napoli*, No. 08-CV-10454, 2012 WL 1428894 (S.D.N.Y. Jan. 18, 2012) (recommending denying Section 2254 petition because of procedural default), *report & recommendation adopted*, 2012 WL 1438240 (S.D.N.Y. Apr. 25, 2012), *appeal dismissed*, No. 12-2312 (2d Cir. July 3, 2012) (dismissal effective July 24, 2012). Because Petitioner's previous Section 2254 petition was denied on the merits, the present petition is a second or successive Section 2254 petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) ("[W]hen a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made a

---

[1] Petitioner has paid the filing fee to bring this action.

showing of cause and prejudice for that failure), the denial is on the merits, rendering a subsequently filed petition second or successive." (internal quotation marks and citation omitted)).

Before a second or successive Section 2254 petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue the present Section 2254 petition.[2]

### CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. In the interest of justice, the Court transfers the present petition to the United States Court of Appeals for the Second Circuit because the present petition is a second or successive Section 2254 petition. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this action under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[2] Any motion to the Court of Appeals must show that: (A) the claim being raised by the present petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(A)-(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 30, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge